IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW WALTERS, | : | No. 3:10cv1023 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| OFFICER CHRISTOPHER | : | |
| ZUBRIS, individually, | : | |
| Defendant | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court for disposition is Defendant Officer Christopher Zubris's motion for summary judgment in this civil rights action. The parties have fully briefed the motion, and it is, thus, ripe for disposition.

**Background**

In December 2009, plaintiff double-parked outsides of a pizzeria in Mahanoy City, Pennsylvania. (Doc. 1, Compl. ¶ 8). Plaintiff makes deliveries for the pizzeria. (Id. ¶ 1). Looking out the window of the pizzeria, plaintiff saw Defendant Zubris, a Mahanoy City Police Officer, writing him a parking ticket. (Id. ¶ 11). Plaintiff went outside and expressed his displeasure at receiving the ticket using words that included profanity. He called defendant a "fucking asshole." (Id. ¶¶ 13 - 15). Defendant Zubris then arrested plaintiff for disorderly conduct. (Id. ¶ 29). According to the citation, Zubris arrest plaintiff for his use of "obscenity." (Id. ¶ 30). Defendant transported plaintiff to the police station where the police held him for approximately thirty minutes. (Id. ¶¶ 22 - 24). Subsequently, a Pennsylvania Magisterial District Judge found plaintiff not

guilty of the disorderly conduct.  (Id. ¶ 31).

Based upon these facts, the plaintiff instituted the instant action.  The complaint contains the following three counts: 1) violation of the First Amendment to the United States Constitution; 2) retaliation against the plaintiff for exercise of his First Amendment right to freedom of speech; and 3) violation of the Fourth Amendment right to be free from unreasonable searches and seizures based upon plaintiff's detention.  (Id. ¶¶ 34 - 36).  Plaintiff brings these causes of action pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 1983.  (Id. ¶ 5).  Plaintiff seeks the following relief:  a declaratory judgment that defendant applied the Pennsylvania disorderly conduct statute in an unconstitutional manner when he detained plaintiff and issued him a citation; compensatory damages; costs, expenses and counsel fees; and other such relief that the court may deem just and deserving.  (Id. ¶ 37).  At the close of discovery, defendant moved for summary judgment, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See

Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing F<small>ED</small>. R. C<small>IV</small>. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248.  A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

As noted above, plaintiff's complaint asserts three causes of action. Defendant seeks summary judgment on all three.  He also claims that qualified immunity shields him from liability.  We will address all these

issues separately.

## I. First Amendment claim

Count I of plaintiff's complaint alleges that defendant applied Pennsylvania's disorderly conduct statute to arrest and prosecute him for engaging in constitutionally protected speech in violation of the First Amendment to the United States Constitution. (Doc. 1, Compl. ¶ 34).

The Pennsylvania Crimes Code defines disorderly conduct as follows:

> A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
> (1) engages in fighting or threatening, or in violent or tumultuous behavior;
> (2) makes unreasonable noise;
> (3) uses obscene language, or makes an obscene gesture; or
> (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor."

18 PA. CONS. STAT. ANN. § 5503(a).

Plaintiff asserts that defendant arrested him under paragraph (3) for the language he used. Under the law, using the f-word in the manner that plaintiff did is not obscene; therefore, the arrest violated his constitutional right to free speech. Defendant admits that plaintiff did not violate paragraph (3) and that courts have held that the language he used is not "obscene" under the statute. See Commonwealth v. Kelly, 758 A.2d 1284, 1288 (Pa. Super. Ct. 2000) (explaining that use of the middle finger and the f-word are not obscene under the disorderly conduct statute where they are not used in a sexual context and do not appeal to prurient interest). The defendant argues, that although probable cause did not exist to arrest plaintiff for use of obscene language, for a valid arrest probable cause need only exist as to any offense that could have been charged.

4

The law provides as follows:

> The test for an arrest without probable cause is an objective one, based on "the facts available to the officers at the moment of arrest." Beck v. Ohio, 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964); Edwards v. City of Philadelphia, 860 F.2d 568, 571 n. 2 (3d Cir.1988). Evidence that may prove insufficient to establish guilt at trial may still be sufficient to find the arrest occurred within the bounds of the law. Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959). As long as the officers had some reasonable basis to believe [plaintiff] had committed a crime, the arrest is justified as being based on probable cause. Probable cause need only exist as to any offense that could be charged under the circumstances. Edwards v. City of Philadelphia, 860 F.2d at 575–76.

Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994). Here, according to the defendant, plaintiff could have been charged under paragraphs (1), (2) or (4) of the disorderly conduct statute. Thus, defendant argues that summary judgment is appropriate. After a careful review, we find that an issue of fact exists as to whether the facts of this case would support a finding of probable cause for a violation of the disorderly conduct statute, and summary judgment is inappropriate.

Plaintiff and defendant present different versions of the events leading up to and during plaintiff's arrest. Defendant's version of the facts is derived mainly from his deposition. He asserts as follows:

He and his partner, Officer Kovalewski were on patrol in Mahanoy City on the date in question. (Def. Ex. A, Def. Dep. at 22). They came upon a minivan with its hazard flashers on parked in a lane of traffic on State Route 54. (Id.) They drove around the minivan and continued patrolling. Approximately thirty to forty minutes later they came to the same area and saw that the minivan was still there. (Id.) Zubris had

5

Kovaleski stop behind the minivan so that he could issue a parking ticket. (Id.)

As defendant began to write the ticket, plaintiff emerged from Amato's Pizzeria and stated that he would move the minivan. Defendant told him that it was too late as he had already written the ticket. (Id. at 22-23). Then plaintiff became agitated and began screaming and yelling toward defendant and Officer Kovaleski. (Id. at 23) Defendant requested that plaintiff stop his yelling and indicated that the minivan had been blocking traffic for a long period of time. Plaintiff began screaming and cursing again. (Id.) Plaintiff was located thirty to forty feet away from defendant, however, he screamed and yelled so loudly that defendant heard him clearly as he sat in the patrol car writing the ticket. (Id.) Plaintiff then started to say "Fuck you. You're a fucking asshole." (Id. at 24) Defendant again told plaintiff to stop screaming or he would arrest him. (Id.) People were standing on the sidewalks, and plaintiff's vehicle as well as the police car were blocking traffic while plaintiff continued to scream and curse. (Id.)

Defendant then told plaintiff that he was going to arrest him for disorderly conduct. (Id.) Plaintiff turned and started to walk back toward the pizza shop. Defendant walked up onto the front porch of the pizza shop to grab plaintiff. While defendant tried to place handcuffs on plaintiff, plaintiff began struggling. (Id. at 24 - 25). Officer Kovelski went over to the two men and assisted defendant in placing plaintiff in custody and into the back of the patrol car. (Id. at 25). On the way to the car, plaintiff screamed, yelled, cursed and waved his arms around. (Id. 25 - 26). Defendant indicates that he arrested plaintiff not because of the particular

words he said, but because of his demeanor, he acted in a violent manner, creating a hazard to the community. (Id. 28 - 29). Plaintiff acted in an aggressive manner toward the police and they did not know what he could possibly do toward a citizen. (Id. at 29).

Plaintiff remained in a holding cell for no more than thirty minutes. (Id. at 35). Defendant issued the disorderly conduct citation to him. But he did not attend plaintiff's hearing regarding the citation, thus a magistrate dismissed it. (Id. at 36). Defendant's partner on the night in question, Officer Kovalewski agrees with defendant that plaintiff exhibited disorderly conduct, unreasonable noise and was creating a hazard. (Def. Ex. D, Kovalewski Dep. at 20).

Plaintiff's version of the night in question differs from the defendant's version. According to the plaintiff, his minivan remained parked in the roadway for no more than ten minutes, not a lengthy period of time. (Doc. 26 - 1, Pl. Ex. A, Pl. Dep. at 28). Plaintiff indicates that he did not scream or yell at defendant, but rather, tried to reason with him so as not to get a parking ticket. He attempted to explain to defendant that he had just previously gotten stuck in the snow. (Id. at 34 - 35). Plaintiff further indicates that he did not say "fuck you" although he did call defendant a "fucking asshole." (Id. at 36). Plaintiff also claims that he did not resist his arrest. (Id. at 44).

The citation written by defendant puts forth the reason for the arrest as "Def. did, with intent to cause a public inconvenience, annoyance or alarm, use obscene language. To wit: Def. did state, 'Fuck you, your [sic] a fucking asshole' to this officer while issuing a parking ticket." (Doc. 19-2, Def. Ex. "B", Non-Traffic Citation Summons).

Thus, the parties have very different versions of the events of the night of plaintiff's arrest. Defendant indicates that plaintiff was defiant and boisterous whereas plaintiff indicates that although he did express displeasure at receiving a parking ticket, he was more or less docile. These different versions of the facts, each supported by the evidence presented by the parties, render summary judgment inappropriate. A jury will have to examine the evidence and determine who is telling the truth and whether probable cause existed to arrest the plaintiff on the night in question.

**II. Retaliation for exercise of plaintiff's First Amendment right to freedom of speech**

The second count of the complaint alleges a cause of action for retaliation against plaintiff for exercising his First Amendment right to freedom of speech. (Doc. 1, Compl. ¶ 34). Defendant argues that summary judgment is appropriate because plaintiff cannot meet a *prima facie* case of First Amendment retaliation. The court disagrees.

"The Supreme Court has explicitly held that an individual has a viable claim against the government when he is able to prove that the government took action against him in retaliation for his exercise of First Amendment rights." Anderson v. Davila, 125 F.3d 148, 160 (3d Cir.1997) (citing Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 283 (1977)). A First Amendment retaliation claim under 42 U.S.C. § 1983 requires that plaintiffs demonstrate (1) that they engaged in a protected activity, (2) that defendants retaliated in such a way that would be sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) a causal connection between the protected activity and the retaliatory

action.  Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (citing Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006); Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir.2003)).

Defendant argues that the public disturbance caused by the plaintiff is not protected by the First Amendment, and the probable cause to arrest the plaintiff precludes a retaliation cause of action.  As set forth in the prior section, however, the court has found questions of fact regarding what happened on the night of plaintiff's arrest.  Accordingly, summary judgment is also inappropriate for this cause of action.  A jury may find that defendant did arrest plaintiff, without probable cause, for his speech.

### III.  Unreasonable Search and Seizure

The third count of the complaint alleges a cause of action for violation of plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.  Defendant moves for summary judgment on this cause of action on the basis that probable cause supported plaintiff's arrest. Therefore, no constitutional violation occurred.   As set forth above, however, the court finds that questions of fact exist as to whether probable cause existed.  Accordingly, summary judgment on this basis will be denied.

### IV.  Qualified Immunity

Defendant also moves for summary judgment on the basis of qualified immunity.  Qualified immunity can serve as a defense for an individual defendant accused of a civil rights violation. See Hunter v. Bryant, 502 U.S. 224, 227 (1991).  Qualified immunity does not apply where state officials violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Wright v. City of

9

Phila., 409 F.3d 595, 599-600 (3d Cir. 2005) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). For a qualified immunity analysis, the court must examine: 1) whether officials violated a constitutional right and 2) whether that right was clearly established at the time. Id.

Here, the plaintiff has alleged facts which, if proved, could demonstrate that defendant violated his constitutional right not to be improperly arrested and imprisoned in violation of his right to freedom of speech and right to be free from unreasonable search and seizure. If plaintiff proved such violations, qualified immunity would not be appropriate because the rights that plaintiff advances are clearly established rights. See Tate v. W. Norriton Twp., 545 F. Supp. 2d 480 (E.D.Pa. 2008) (explaining that qualified immunity did not shield a patrolman from liability on a false arrest claim because no reasonable patrolman would have believed that arrestee's statements "she needs f ___ing help!" and "what, the f_k word?" would have provided probable cause for arrest for disorderly conduct under Pennsylvania law); Commonwealth v. Hock, 728 A.2d 943, 946 (Pa. 1999) (explaining that profane language is not sufficient in itself to support a disorderly conduct arrest). Thus, at this point, we cannot find that qualified immunity applies to the defendant.

**Conclusion**

For the reasons set forth above, the defendant's motion for summary judgment will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW WALTERS,** | : | No. 3:10cv1023 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **OFFICER CHRISTOPHER** | : | |
| **ZUBRIS, individually,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **ORDER**

**AND NOW**, to wit, this 22nd day of February 2012, the defendant's motion for summary judgment (Doc. 20) is hereby **DENIED**.

                                           **BY THE COURT:**

                                         **s/ James M. Munley**
                                         **JUDGE JAMES M. MUNLEY**
                                         **United States District Court**